UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | CA 05-208S |
| v. | : | No. CR 99-024S |
| ARTHUR D'AMARIO | : | |

MOTION TO VACATE JUDGMENTS

Pursuant to F.R.Crim.P. 33 and 28 U.S.C. § 2255, Defendant moves for vacatur of the judgment entered Oct. 2, 2003, and the orders entered Nov. 9, 2004, and March 16, 2005, based upon his newly discovered evidence that Judge Smith's law firm is agent for the witnesses against Defendant since 1998. For support of this motion, Defendant relies on his accompanying memorandum of law and letter of March 26, 2005, to Chief Judge Torres.

DEFENDANT, pro se,

DATED: April 25, 2005.

Arthur D'Amario, III
1488 W. Camino de la Oca
Green Valley, AZ 85614

CERTIFICATION

I certify that on April 25, 2005, I mailed copies of this Motion & Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

MEMORANDUM SUPPORTING MOTION TO VACATE

Defendant is moving to vacate the judgment entered Oct. 2, 2003, and the orders entered on Nov. 9, 2004, and Mar. 16, 2005, because Judge Smith concealed a conflicting interest that mandated his recusal. 28 U.S.C. § 455(a). As noted in Defendant's March 26 letter to Chief Judge Torres, the conflict was discovered March 25, reported to the Judicial Council, and Judge Smith recused on April 7.

Section 455 has no scienter requirement. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988) (violation of duty to withdraw may warrant relief from final judgment). The appearance of impropriety may be raised in collateral attack if asserted promptly upon learning the facts warranting recusal. Hardy v. U.S., 878 F.2d 94 (2d Cir. 1989). See, e.g., In re Aetna Casualty & Ins. Co., 919 F.2d 1136 (6th Cir. 1990) (judge obligated to recuse due to daughter's participation as lawyer in depositions, even though her role was minimal).

Collateral review is available under § 2255 to correct jurisdictional errors. U.S. v. Milestone, 626 F.2d 264, 266 (3d Cir. 1980). A district court may consider a § 2255 motion while an appeal is pending if "extraordinary circumstances" exist. U.S. v. Gordon, 634 F.2d 638, 638 (1st Cir. 1980).

Defendant also relies on Rule 33(b)(1), for the evidence of Judge Smith's connection with Attleboro police is newly discovered. This is no longer a situation in which the court's odd interpretations of law are suspect. Rather, Judge Smith has been rewarding his ex-client's criminal efforts to kick Defendant out of Rhode Island. The court has been biased and conflicted.

Judge Smith's law firm, Edwards & Angell, defended Sgt. Collins and Lt. Bussiere in D'Amario v. DuFort, No. 98-cv-11331-MEL (D.Mass.). In retaliation for the suit, Bussiere and Collins actually typed anonymous, crank love letters to Debra Sellers,

then framed Defendant for it. The search-warrant applicants in this case are Bussiere and Collins. Collins testified falsely at the Franks hearing of Oct. 21, 1999. It was while Edwards & Angell represented them that the police harassed Sellers, then barged into Defendant's apartment and ransacked it on Feb. 8, 1999. It's conceivable that the police discussed their crime spree in confidence with the lawyers at Edwards & Angell. Defendant was at FCI McKean when Judge Smith was appointed to the bench and never knew his background until tipped off by a law clerk in Providence on March 25, 2005.

The assault on Defendant began when RI State Police called Sellers and advised her to make something up to procure a no-contact order, so they could revoke his probation before it expired on Oct. 7, 1999. Sellers lied that she was receiving harassing phone calls (she's since recanted). Police then wrote her the fake letters and avoided fingerprint analyses. Defendant was burdened by appointed of attorney Ed Roy, who turned out to be a RI State Police civil lawyer, and by W. Kenneth O'Donnell, who was being prosecuted in a forfeiture proceeding by Defendant's own case prosecutor, AUSA James Leavey. O'Donnell, like Roy, threw in the towel. Now it is revealed that the judge's law firm helped police act against Defendant's interests, and that police are benefitting from the court's rulings of the past two years.

Judge Smith's Nov. 9, 2004, order that Defendant serve his supervised release in a halfway house modified conditions already pending on appeal (No. 3-2638). That notice of appeal divested the court of jurisdiction over those matters. U.S. v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998). The resulting order of March 16, 2005, is also void.

At the initial revocation, Judge Smith hacked to pieces the rulebook to concoct a feeble excuse to banish Defendant from his domicile. No other probationer has ever been treated so harshly. When Judge McAuliffe recused, the case belonged before a trial judge in Maine, not Attleboro. A defendant is entitled to sentencing before a judge who is not biased against him. U.S. v. Thompson, 483 F.2d 527, ___ (3d Cir. 1973).

In true RI fashion, Judge Smith abused his public office to enrich his cronies. Liljeberg and § 455(a) compel a rehearing before an impartial tribunal.

DEFENDANT, pro se,

[signature] 4-25-05

Arthur D'Amario, III

cc:
AUSA Adi Goldstein